UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
: 
RUFFIN LEON PARKER, III., : CASE NO. 4:21CV00233
: 
Plaintiff, : 
: 
vs. : OPINION & ORDER
: [Resolving Doc. 1]
MR. PHELAN, et al., : 
: 
Defendants. : 
: 
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Ruffin Leon Parker, III, a federal prisoner presently confined at FCI Morgantown, brings this purported civil rights action against defendants "Mr. Phelan" and "Mr. T. Montgomery."

For the reasons that follow, this action is dismissed.

I. Background

According to the brief Complaint, Mr. Phelan ("Phelan") is a correctional officer at FCI Elkton ("Elkton") and Mr. T. Montgomery ("Montgomery") is a discipline hearing officer ("DHO") at Elkton.[1] Plaintiff states that on June 24, 2015, while he was incarcerated at Elkton, he was standing outside of the T.V. room when Phelan yelled at him, calling him a "black ass monkey" and an "asshole," and threatened to "whoop [his] ass if [he] didn't

---

[1] Doc. 1 at 3.

Case No. 1:21CV00162
Gwin, J.

move from the T.V. room."[2] According to Plaintiff, Montgomery "knew how Mr. Phelan was [and] said to me that Mr. Phelan was doing the same in the past with other inmates."[3] Plaintiff appears to claim that after the incident, he and other inmates were placed in the special housing unit ("SHU") for six months "because they didn't want to remove Mr. Phelan from the compound," and then Plaintiff "got shipped off to [another] prison." [4]

Plaintiff seeks damages in the amount of $20,000,000, for "calling [him] a black ass monkey and for transferring me far from my family." In his claim for relief, Plaintiff adds that Phelan is a "racis[t]."[5]

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis*.[6] *Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.[7] Federal district courts, however, are expressly required under 28 U.S.C. § 1915(e)(2) to dismiss an in forma pauperis action if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or fact.[8] A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.[9]

---

[2] *Id.*
[3] *Id.* at 4.
[4] *Id.* at 4.
[5] *Id.* at 5.
[6] *See* Doc. 2.
[7] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[8] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).
[9] *Neitzke,* 490 U.S. at 327.

Case No. 1:21CV00162
Gwin, J.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."[10] A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[11] The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.[12] The Plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the Defendant unlawfully harmed me accusation."[13] A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.[14]

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.[15] The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.[16]

### III. Discussion

Although Plaintiff indicates that he is filing a civil rights action, he does not assert a specific cause of action. It appears, however, that Plaintiff may be attempting to assert a *Bivens* claim for the purported violation of his Eighth Amendment rights.[17] To the extent that this was Plaintiff's intention, he fails to state a claim.

---

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[12] *Twombly*, 550 U.S. at 555.
[13] *Iqbal*, 556 U.S. at 678.
[14] *Id.*
[15] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)).
[16] *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).
[17] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Sullivan v. United States*, 90 Fed.Appx. 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens*

Case No. 1:21CV00162
Gwin, J.

### A. Cruel and Unusual Punishment

*Bivens* provides a cause of action against federal officials acting under color of federal law for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment.[18] And expanding *Bivens* remedies to other causes of action is "'disfavored.'"[19]

The Eighth Amendment protects all people from "cruel and unusual punishments."[20] "'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"[21] Although the Constitution "does not mandate comfortable prisons," it "does [not] permit inhumane ones."[22] And the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care" and taking "reasonable measures to guarantee the safety of the

---

action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*).

[18] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).

[19] *Id.* at 1857, 198 L. Ed. 2d 290 (2017) (quoting *Iqbal*, 556 U.S. at 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). *See, e.g. Corr. Servs. Corp. v. Malesko*, 122 S. Ct. 515, 151 L. Ed. 2d 456 (an Eighth Amendment suit against a private prison operator); *FDIC v. Meyer*, 510 U. S. 471, 473-474, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (a procedural due process suit against a federal agency for wrongful termination); *Schweiker v. Chilicky*, 487 U. S. 412, 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988) (a procedural due process suit against Social Security officials); *United States v. Stanley*, 483 U. S. 669, 671-672, 683-684, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987) (a substantive due process suit against military officers); *Chappell v. Wallace*, 462 U.S. 296, 297, 304–305, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (a race-discrimination suit against military officers).

[20] U.S. Const. amend. VIII.

[21] *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

[22] *Farmer*, 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981)).

Case No. 1:21CV00162
Gwin, J.

inmates."[23]  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[24]

To state a claim under the Eighth Amendment's deliberate indifference framework, a prisoner must demonstrate both objective and subjective components.[25] He must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm" (objective); and (2) an official must "know[] of and disregard[] an excessive risk to inmate health or safety" (subjective).[26]  In other words, the prisoner must demonstrate he was subjected to an objectively serious prison condition to which a defendant prison official acted with subjective "deliberate indifference."[27]  The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[28]  An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted.[29]

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."[30] And only deliberate indifference to serious medical needs or extreme deprivations

---

[23] *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984).
[24] *Farmer*, 511 U.S. at 828 (citing *Helling, supra*; *Wilson v. Seiter*, 501 U.S. 294, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); *Estelle v. Gamble*, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)).
[25] *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).
[26] *Id.* at 840 (quoting *Farmer*, 511 U.S. at 834, 837).
[27] *Farmer*, 511 U.S. at 834.
[28] *Id.* at 847.
[29] *Id.* at 844.
[30] *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Case No. 1:21CV00162
Gwin, J.

regarding the conditions of confinement will implicate the protections of the Eighth Amendment.[31]

Here, Plaintiff appears to allege that Phelan's treatment of him while standing outside of the T.V room and his subsequent placement in the SHU constitute cruel and unusual punishment. These actions, however, do not rise to the level of an Eighth Amendment violation. A purported racist comment and an alleged single threat to "whoop [his] ass," standing alone, is objectively not a condition posing a substantial risk of serious harm. Verbal harassment or threats may establish a cognizable § 1983 claim if the threats resulted in sufficiently severe harm,[32] or the comments "approached being threats of terror of instant and unexpected death."[33] Plaintiff does not allege that he suffered any harm resulting from the alleged threat, nor does he allege that Phelan brandished a weapon or threatened him with instant and unexpected death. Even liberally construing Plaintiff's Complaint, the Court finds that Phelan's alleged threat does not constitute a violation of Plaintiff's constitutional rights.

Moreover, punitive confinement of a prisoner in restricted and limited privilege housing does not, in and of itself, constitute cruel and unusual punishment.[34] And Plaintiff

---

[31] *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).
[32] *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (per curiam) (simple verbal harassment alone does not constitute cruel and unusual punishment); *see also Glover v. Boardman*, 2018 U.S. Dist. LEXIS 215290, *12 (N.D. Ohio December 21, 2018) (no cognizable § 1983 claim where an officer threatened an inmate's life and told the inmate he was planning his "assassination") (citing *McIntyre v. Quezevue*, No. 3:11-CV-00128, 2011 U.S. Dist. LEXIS 64081, 2011 WL 2433714, at *2 (M.D. Tenn. June 13, 2011) (verbal threats by parole officer or prison guard of serious physical injury, such as death, may satisfy the "malicious and sadistic" Eighth Amendment standard and violate an inmate's constitutional rights) (citations omitted)).
[33] *Id.* (citing *Marsh v. Price*, No. CIV.A. 05-CV-277-JMH, 2005 U.S. Dist. LEXIS 29413, 2005 WL 3118121, at *9 (E.D. Ky. Nov. 21, 2005) (citing *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (guard drew weapon and threatened to shoot prisoner in the back to prevent him from exercising his free speech rights) and *Douglas v. Marino*, 684 F. Supp. 395, 398 (D. N.J. 1988) (prison employee brandished a knife and threatened to stab prisoner)).
[34] *Hutto v. Finney*, 437 U.S. 678, 685-86, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1977).

Case No. 1:21CV00162
Gwin, J.

does not allege (nor can the Court infer) that while confined in punitive segregated housing he was deprived of the minimal civilized measures of life's necessities.[35] Additionally, even if Plaintiff has demonstrated that he was subjected to an objectively serious prison condition, Plaintiff fails to demonstrate that the defendants acted with subjective deliberate indifference.[36]

### B. Discrimination

To the extent Plaintiff intended to assert a discrimination claim, he has also failed to state a claim. The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.[37] The threshold element of an equal protection claim is disparate treatment.[38] And in making an equal protection challenge, Plaintiff bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated.[39]

Here, Plaintiff fails to assert facts to suggest that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. His conclusory statement that Phelan is a racist does not meet the

---

[35] *Rhodes*, 452 U.S. at 347.
[36] *Farmer*, 511 U.S. at 834.
[37] *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).
[38] *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).
[39] *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); *Clements v. Fashing*, 457 U.S. 957, 967, 102 S. Ct. 2836, 73 L. Ed. 2d 508 (1982).

Case No. 1:21CV00162
Gwin, J.

requisite pleading standard.[40] And while Phelan's alleged comments are offensive and unprofessional, his actions do not deprive Plaintiff of equal protection of the laws.[41]

Additionally, Plaintiff's only allegation concerning Montgomery is that he "knew how Mr. Phelan was."[42] Plaintiff cannot establish any liability of a defendant absent a clear showing that he was personally involved in the activities that form the basis of the alleged unconstitutional behavior.[43] Plaintiff does not allege that Montgomery participated in the actions that Plaintiff seemingly claims was discriminatory.

To the extent Plaintiff alleges that Montgomery is liable as Phelan's supervisor, his claim has no merit. First, Plaintiff does not specifically allege that Montgomery is Phelan's supervisor. Second, even if Montgomery was Phelan's supervisor, Plaintiff cannot hold a supervisor liable for the actions of an employee under a theory of respondeat superior based on the supervisor's right to control the employee or the supervisor's failure to act.[44] Rather, the supervisor must have actively engaged in unconstitutional behavior.[45] For liability to attach to the supervisor, Plaintiff must therefore allege facts to suggest that the supervisor did more than play a passive role in the alleged violations or show mere tacit approval of the officer's actions.[46] Plaintiff must show that the supervisor "'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct

---

[40] *Iqbal*, 556 U.S. at 678.
[41] *See Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir.2002) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000) and *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), clarified on rehearing, 186 F.3d 633 (5th Cir.1999)); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987); *see also McClanahan v. Kelly*, N.D.Ohio No. 1:13 CV 1440, 2013 U.S. Dist. LEXIS 174028, at *11 (Dec. 12, 2013).
[42] *See* Doc. 1 at 4.
[43] *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995).
[44] *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)).
[45] *Id.*
[46] *Id.*

Case No. 1:21CV00162
Gwin, J.

of the offending subordinate.'"[47] Plaintiff alleges no facts from which this Court can infer that Montgomery implicitly authorized, approved, or knowingly acquiesced in Phelan's alleged unconstitutional conduct.

Accordingly, Plaintiff fails to state a claim for a violation of his civil rights upon which relief may be granted.

### IV. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e) and is closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: April 5, 2021          *s/ James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[47] *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (emphasis in original) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).